UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARRIE LEE REMBERT, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:24-CV-391-TLS-JEM |
| FORT WAYNE POLICE DEPT., et al., | |
| Defendants. | |

**OPINION AND ORDER**

The matter is before the Court on a Complaint [ECF No. 1] and a Motion to Proceed in Forma Pauperis [ECF No. 2], filed on September 17, 2024, by Plaintiff Harrie Lee Rembert—proceeding without counsel.[1] His Complaint concerns events that occurred in Fort Wayne, Indiana. *See* ECF No. 1. For the reasons set forth below, the Court grants the Plaintiff an opportunity to file an Amended Complaint. If the Plaintiff fails to amend his complaint within the time allowed, the Clerk of Court will be directed to close the case without further notice to the Plaintiff.

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it

---

[1] Also, the Plaintiff has used the court's prisoner complaint form and included his prisoner number, but it appears he has sent the complaint from a private address. For purposes of this order, the Court considers him a non-prisoner. The Plaintiff will be ordered to clarify his status if he submits an amended complaint.

determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

According to the Plaintiff, he was "wrongfully exited" from the Fort Wayne Mission. ECF 1 No. at 2. The Mission never gave him a chance "due to none finishment of grounds," and he was "exited with no consideration of homelessness." *Id*. A week or so later—presumably on or around April 23, 2023—he went back to the Mission to have them call EMS because he was dehydrated from not eating or drinking, but instead they called the police. When the police arrived, he was falsely accused of spitting on the officers, and those officers responded by kicking and choking him. He was dragged to a police car in handcuffs, kicked, and thrown on the seat. The Plaintiff was ultimately arrested. He needed medical attention, but no medic was present. He has sued the Fort Wayne Police Department and the Fort Wayne Mission for monetary damages.

Excessive-force claims that occur during the course of an arrest or apprehension of a suspect "are governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene[.]'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 396 (1989)). Similarly, claims regarding the alleged lack of medical care during an arrest also arise under the Fourth Amendment. *See, e.g., Braun v. Village of Palatine*, 56 F.4th 542, 551 (7th Cir. 2022); *Pulera v. Sarzant*, 966 F.3d 540, 549–50 (7th Cir. 2020); *Currie v. Chhabra*, 728 F.3d 626, 630–31 (7th Cir. 2013). The question is whether the defendants' conduct was "objectively unreasonable under the circumstances." *Braun*, 56 F.4th at 551 (citations omitted).

The Plaintiff has not named a defendant who can be held liable for any excessive force or medical claims against him. The Fort Wayne Police Department is not a suable entity under Indiana law and thus cannot be sued under 42 U.S.C. § 1983. *See* Ind. Code § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). Thus, the Court dismisses Defendant Fort Wayne Police Department.

With regard to the Plaintiff's claims against the Mission, they are too vague to state a claim. He does not adequately explain what type housing or programing he was receiving while there, what the rules of the program were, why he was kicked out, who kicked him out, or any other details about the incident that would subject the Mission to liability. Importantly, he does not allege—and it cannot be plausibly inferred from the facts presented—that the Mission is a state actor as is required for federal civil rights lawsuits.[2] *See Spiegel v. McClintic*, 916 F.3d 611,

---

[2] According to the financials page on its website, the Fort Wayne Rescue Mission is a private 501(c)(3) corporation. https://fwrm.org/about/financials (last visited Oct. 17, 2024).

616 (7th Cir. 2019) ("The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted); *Babchuk v. Ind. Univ. Health, Inc.*, 809 F.3d 966, 971 (7th Cir. 2016) ("The fact that some of [a private hospital's] revenues are siphoned off to the state university no more makes the hospital a state actor than the fact that tax laws siphon income from private companies and individuals to state and federal treasuries. . .. Government is omnipresent; that doesn't make all employees of private entities state actors."); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content). Thus, the Court dismisses the claims against Defendant Fort Wayne Mission.

Nevertheless, the Court will give the Plaintiff an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014, 1023 (7th Cir. 2013). If, after reviewing the Court's order and addressing the deficiencies noted above, the Plaintiff believes that he can plausibly state a claim—consistent with the allegations he has already declared under penalty of perjury—he may file an amended complaint. When doing so, he must clarify whether he was a prisoner or non-prisoner at the time he filed his original complaint.[3] If he chooses to file an

---

[3] If he is incarcerated, the Plaintiff must file his amended complaint on the court's **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, and he must also file a **Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16)**, along with a copy of his inmate trust fund ledger detailing his transactions for the past six months as required by 28 U.S.C. § 1915(a)(2). If he is not incarcerated, he must simply file the amended complaint on the court's **Civil Complaint (INND Rev. 4/24)** form. All forms are available on the court's website at: https://www.innd.uscourts.gov/forms/ProSeForms.

4

amended complaint, he must put this case number on it and follow all the directions on the form. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail (including any relevant state court case details and numbers) as possible.

For these reasons, the Court hereby:

(1) GRANTS Plaintiff Harrie Lee Rembert until **November 25, 2024**, to file an amended complaint on the correct form as described in this order; and

(2) CAUTIONS Plaintiff Harrie Lee Rembert, that, if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the current Complaint does not state any claims.

SO ORDERED on October 24, 2024.

        s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

5